IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 08-00337 JMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION TO DISMISS COUNTS 1, 2, |
| vs. | ) | AND 3 OF THE SECOND |
| | ) | SUPERSEDING INDICTMENT |
| ROBERT TAM HO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 1, 2, AND 3 OF THE SECOND SUPERSEDING INDICTMENT

### I. INTRODUCTION

A Second Superseding Indictment ("SSI"), filed March 11, 2009, charges Defendant Robert Tam Ho ("Defendant") with three counts of unlawful use of force under color of law in violation of 18 U.S.C. § 242 (Counts 1-3), and four counts of witness tampering in violation of 18 U.S.C. §§ 1512(b)(1) and 1512(b)(3) (Counts 4-7). Currently before the court is Defendant's Motion to Dismiss Counts 1, 2, and 3 of the SSI ("Motion to Dismiss") on the basis that these Counts were not included in the original Indictment, filed June 5, 2008.[1]

---

[1] At the time that the Motion to Dismiss was filed, Defendant was charged in a November 6, 2008 Superseding Indictment with three counts under § 242 and two counts under § 1512(b)(1). During a March 17, 2009 status conference, the parties agreed that the Motion to
(continued...)

Defendant argues that these counts must be dismissed because their late assertion violates the Speedy Trial Act ("STA"), and his Fifth Amendment right to due process. Based on the following, the court DENIES Defendant's Motion to Dismiss.

## II. BACKGROUND

The Indictment charged Defendant with two counts of witness tampering pursuant to 18 U.S.C. § 1512(b)(1). *Id.* ¶¶ 15, 21. In support of these charges, the Indictment alleged that Defendant was an employee of Wackenhut Security Corporation at the Kahului Airport on Maui, which provides on-site security for the airport through a contract with the State of Hawaii Department of Transportation. Indictment ¶¶ 1-2. On October 20, 2005, a meeting between Defendant, representatives of a small airline, and Kahului Airport officials ended in a verbal confrontation between Defendant and G.K., a representative of the small airline. *Id.* ¶¶ 4-6. Following the verbal confrontation, Defendant left the conference room, returned with two uniformed security guards, advised G.K. that he was placing him under "citizen's arrest" for "harassment," and ordered the other meeting attendees to leave the room. *Id.* ¶¶ 6-9. While G.K. was detained

---

[1](...continued)
Dismiss now applies to Counts 1-3 of the SSI.

by the uniformed security guards, airline representative W.G. attempted to reenter the conference room. *Id.* ¶ 10. A physical altercation ensued between Defendant and W.G. during which Defendant struck W.G. several times. *Id.* ¶ 11. When Maui Police Department ("MPD") officers arrived, Defendant requested them to place W.G. in custody based on a "citizen's arrest" for "assault." *Id.* ¶ 13. Consequently, W.G. was placed under arrest and transported to MPD for processing. *Id.*

The Indictment further alleges that, following the altercation, Defendant persuaded J.W., one of his employees who attended the meeting, to provide a false oral report to MPD. *Id.* ¶ 14. Defendant advised J.W. to state that she did not witness the altercation because her view was blocked. *Id.* The next day, Defendant persuaded J.W. to prepare a false written statement for MPD concerning the prior day's altercation. *Id.* ¶ 17. J.W. wrote that she observed a scuffle between Defendant and W.G., but that her view was blocked by Defendant. *Id.* ¶ 19.

On November 6, 2008, the Grand Jury returned a Superseding Indictment recharging Defendant with the two counts (Counts 4-5) of witness tampering under 18 U.S.C. § 1512(b)(1) and charging Defendant with three counts (Counts 1-3) of deprivation of rights under color of law under 18 U.S.C. § 242.

Superseding Indictment ¶¶ 11, 14, 16, 19 & 25.  The Superseding Indictment's additional charges arise from the same general facts as alleged in the initial Indictment, with some minor alterations and/or additions.  The SSI realleges Counts 1-3 without any material alterations.

Defendant filed his Motion to Dismiss on January 29, 2009.  The government filed its Opposition to Defendant's Motion on February 13, 2009.  A hearing was held on February 20, 2009.

### III.  DISCUSSION

Defendant argues that the SSI's Counts 1-3 must be dismissed because they were untimely filed in violation of the STA and violate his Fifth Amendment right to due process.  The court rejects both arguments.

**A.    Speedy Trial Act**

The STA provides that, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  18 U.S.C. § 3161(b).  Sanctions for violation of § 3161(b) are detailed in § 3162(a)(1), which states: "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by

section 3161(b) . . . , such charge against that individual contained in such complaint shall be dismissed or otherwise dropped."

"Section 3161(b) cannot properly be construed independently of § 3162(a)(1) and the purposes of the [STA]." *United States v. McCown*, 711 F.2d 1441, 1447 (9th Cir. 1983) (citing *United States v. Candelaria*, 704 F.2d 1129, 1131 (9th Cir. 1983)). Accordingly, § 3162(a)(1) relief applies only when a complaint is filed against an individual, and "no indictment . . . is filed within the time limit required by section 3161(b)." *United States v. Hemmings*, 258 F.3d 587, 592 (7th Cir. 2001) (internal quotation omitted).

In the instant case, §§ 3161(b) and 3162(a)(1) are simply inapplicable to Defendant's claimed STA violation -- the government never charged Defendant in a complaint. Defendant was first charged in an Indictment with witness tampering, and the addition of Counts 1-3 in the Superseding Indictment and SSI does not violate the STA -- no requirement exists that all charges must be filed within thirty days of the filing of an original indictment. Although Counts 1-3 arose from the same criminal episode as the original witness tampering counts, no provision of the STA requires the government to charge all known offenses, or all offenses that it reasonably should have known, in the original Indictment. *See United States v. Gastelum-Almeida*, 298 F.3d 1167, 1173 (9th Cir. 2002); *United*

*States v. Orbino*, 981 F.2d 1035, 1037 (9th Cir. 1992); *United States v. McCown*, 711 F.2d 1441, 1447 (9th Cir. 1983).  Such additional charges, filed in a superseding indictment, "are not covered by the [STA] and are restricted only by 'the applicable statute of limitations, the due process clause of the fifth amendment, the general sixth amendment right to a speedy trial, and the power of the court to dismiss a case in its entirety' under Rule 48(b)." *United States v. Heldt*, 745 F.2d 1275, 1280 (9th Cir. 1984) (quoting *United States v. Pollock*, 726 F.2d 1456, 1463 n.11 (9th Cir. 1984)).

Defendant, largely ignoring this law, argues that *United States v. Palomba*, 31 F.3d 1456 (9th Cir. 1994), demonstrates an STA violation.  *Palomba*, however, is easily distinguishable -- the initial charges in *Palomba* were filed in a complaint, not an indictment.  *Palomba*, 31 F.3d at 1459.  In *Palomba*, the government filed a complaint charging the defendant with multiple offenses, including mail fraud.  *Id.*  An indictment was filed on the charges in the complaint, but failed to include the mail fraud charge.  *Id.*  Approximately three months after the indictment was filed, the government filed a superseding indictment recharging defendant with mail fraud.  *Id.* at 1460.  Holding that the recharged mail fraud counts violated the STA, the court stated:

>        Under Sections [3161(b) and 3162(a)(1)], the
> Government may prosecute a defendant accused in a *complaint*
> and untimely charged in a subsequent indictment when the
> respective offenses are punishable under different statutes,
> despite the fact that they arose from the same criminal
> transaction . . . . [W]here, as here, the charges *in a complaint*
> and a later indictment are brought under the same statute, such
> charges shall be dismissed under Section 3161(b), absent
> substantial discrepancies in time, place and manner between
> the underlying criminal episodes apparent on the face of the
> complaint.

*Id.* at 1464 (internal citations, quotations, and footnotes omitted) (emphasis added). *Palomba* is simply inapplicable to the instant case.

**B.     Fifth Amendment**

With little explanation, Defendant asserts that the addition of Counts 1-3 in the SSI violates his Fifth Amendment right to due process. The court disagrees.

"The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive preindictment delay." *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989). Typically, only the statute of limitations controls delay between the commission of a crime and an indictment; however, due process occasionally requires dismissal of an indictment prior to the end of the statute of limitations period. *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007).

The Ninth Circuit applies a two-part test to determine if due process rights have been violated. *Id.* Defendant must demonstrate that (1) he sustained "actual, non-speculative prejudice from the delay," *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992); and (2) weighed against the reasons for the delay, the length of the delay "offend[s] those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Sherlock*, 962 F.2d at 1353-54 (internal quotation omitted). Proving "prejudice is a heavy burden that is rarely met," *Corona-Verbera*, 509 F.3d at 1112; because "[t]he proof must be definite and not speculative, and [Defendant] must demonstrate how the loss of a witness and/or evidence is prejudicial to his case." *United States v. Gregory*, 322 F.3d 1157, 1165 (9th Cir. 2003) (internal quotation omitted). Further, if "the delay resulted from negligence rather than recklessness or intentional government misconduct, [Defendant's] showing of prejudice must be even greater." *Id.* Defendant presents no argument demonstrating that he has met his heavy burden. Therefore, the court finds that counts 1, 2, and 3 in the SSI do not violate Defendant's due process rights under the Fifth Amendment.

///

///

///

## IV. **CONCLUSION**

For the reasons discussed above, the court DENIES Defendant's Motion to Dismiss Counts 1, 2, and 3 of the Second Superseding Indictment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 19, 2009.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*United States v. Ho*, Cr. No. 08-00337 JMS; Order Denying Defendant's Motion to Dismiss Counts 1, 2, and 3 of the Second Superseding Indictment