IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 08-00337 JMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION TO DISMISS SECOND |
| vs. | ) | SUPERCEDING INDICTMENT FOR |
| | ) | FAILURE TO STATE A FEDERAL |
| ROBERT TAM HO, | ) | OFFENSE |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS SECOND
SUPERCEDING INDICTMENT FOR FAILURE TO STATE A FEDERAL
OFFENSE**

**I.  INTRODUCTION**

The Second Superseding Indictment ("SSI"), filed March 11, 2009,

charges Defendant Robert Tam Ho ("Defendant") with three counts of unlawful

use of force under color of law in violation of 18 U.S.C. § 242 (Counts 1-3), and

four counts of witness tampering in violation of 18 U.S.C. §§ 1512(b)(1) and

1512(b)(3) (Counts 4-7).  In his Motion to Dismiss the Indictment for Failure to

State a Federal Offense ("Motion to Dismiss"), Defendant argues that the witness

tampering counts alleging violations of § 1512(b)(1), Counts 4 and 6, are

insufficient because the SSI does not allege that Defendant acted in contemplation

of a particular official federal proceeding, and the unlawful use of force counts

must be dismissed because the SSI does not allege any facts that would support

that Defendant acted under color of law.[1]  Based on the following, the court

DENIES Defendant's Motion to Dismiss.

## II.  **BACKGROUND**

As alleged in the SSI, Defendant was the Security Manager for

Wackenhut Security Corporation at the Kahului Airport in Maui, which provides

on-site security for the airport through a contract with the State of Hawaii

Department of Transportation.  SSI ¶ 1.  Defendant was the direct supervisor of

the "Law Enforcement Officers," ("LEOs"), who have full "peace officer"

authority pursuant to Hawaii state law, including the authority to arrest and detain

individuals suspected of criminal activity.  *Id.*

On October 20, 2005, during a meeting with Pacific Wings Airline

employees G.K., W.G., and others, Defendant got into a verbal confrontation with

G.K. and left the meeting.  *Id.* ¶¶ 2-4.  Defendant returned with two LEOs, advised

G.K. that he was placing him under "citizen's arrest" for "harassment," and

directed the LEOs to effectuate the arrest.  *Id.* ¶¶ 5-6.  Defendant also ordered the

---

[1]  At the time that the Motion to Dismiss was filed, Defendant was charged in a
November 6, 2008 Superseding Indictment with three counts under § 242 and two counts under
§ 1512(b)(1).  During a March 17, 2009 status conference, the parties agreed that the Motion to
Dismiss now applies to Counts 1-4 and 6 of the SSI.

other individuals to leave the conference room, and then repeatedly struck W.G. after he refused to leave. *Id.* ¶¶ 7-9.  When Maui Police Department ("MPD") officers arrived, Defendant requested them to place both G.K. and W.G. in custody, where they were held until bail was posted for their release. *Id.* ¶ 13.

Based on these events, Count 1 alleges that Defendant, "while acting under color of the laws of the State of Hawaii, . . . did wilfully deprive W.G. of his right secured by the Constitution and laws of the United States not to be deprived of liberty without due process of law . . . ." *Id.* ¶ 11.  Similarly, Count 2 alleges that Defendant, "while acting under color of the laws of the State of Hawaii, did wilfully deprive W.G. of his right secured by the Constitution and laws of the United States to be free from unreasonable seizure by one acting under color of law . . . ." *Id.* ¶ 14.  Count 3 alleges that Defendant, "while acting under color of the laws of the State of Hawaii, . . . did wilfully deprive G.K. of his right secured by the Constitution and laws of the United States to be free from unreasonable seizure by one acting under color of law . . . ." *Id.* ¶ 16.

The SSI further alleges that on that same day, Defendant approached J.W. to discuss the witness statement she intended to give to MPD and told her that she should state that she was heading home for the day at the time of the incident and did not see what happened because her view was blocked by other

3

people.  *Id.* ¶ 18.  J.W. knew this version was untrue, but repeated this version to

MPD anyway.  *Id.*  Count 4 therefore alleges that Defendant "did knowingly and

corruptly persuade J.W. to give false information with respect to the physical

assault perpetuated by [Defendant] upon W.G., with the intent to influence, delay

or prevent the testimony of J.W. in an official proceeding."  *Id.* ¶ 19.

Finally, the SSI alleges that on the next day, October 21, 2005,

Defendant directed J.W. to prepare a written witness statement summarizing a

false version of events of October 20, 2005.  As in Count 4, Count 6 alleges that

Defendant "did knowingly and corruptly persuade J.W. to give false information

with respect to the physical assault perpetuated by [Defendant] upon W.G., with

the intent to influence, delay or prevent the testimony of J.W. in an official

proceeding."  *Id.* ¶ 27.

### III.  <u>STANDARD OF REVIEW</u>

Federal Rule of Criminal Procedure 12(b) allows consideration at the

pretrial stage of any defense "which is capable of determination without the trial

of the general issue."  *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993).

"On a motion to dismiss an indictment for failure to state an offense, the court

must accept the truth of the allegations in the indictment in analyzing whether a

cognizable offense has been charged.  The indictment either states an offense or it

4

doesn't."  *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)).

An indictment need only be a "plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009), recently explained the standard for determining when this standard is met:

> An indictment is sufficient if it contains "the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy."  *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995) (internal quotation signals omitted).  The test for sufficiency of the indictment is "not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."  *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000).

An indictment that tracks the offense in the words of the statute is sufficient if those words fully, directly, and expressly set forth all the elements necessary to constitute the offense intended to be proved.  *See Hamling v. United States*, 418 U.S. 87, 117-18 (1974); *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981).  "While the indictment may be insufficient if it fails to allege an essential element of the offense, nevertheless the indictment should be read in its entirety, construed according to common sense and interpreted to include facts which are necessarily implied."  *United States v. Drew*, 722 F.2d 551, 552 (9th

5

Cir. 1983) (citations omitted); *cf. United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001) ("An indictment's failure to 'recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment.'" (quoting *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999))).   An indictment that follows the statutory language, and otherwise puts the accused on fair notice of all the implied elements of the charge, is not also required to incorporate judicial decisions that have interpreted that language.  *See United States v. Godinez-Rabadan*, 289 F.3d 630, 634 (9th Cir. 2002); *see also United States v. Renteria*, ---F.3d---, 2009 WL 415587, at *2 (9th Cir. Feb. 20, 2009) (discussing previous opinion that rejected argument that indictment must include allegations that are merely "judicial gloss" upon the statutory language).

"[A] Rule 12(b) motion to dismiss is not the proper way to raise a factual defense." *Nukida*, 8 F.3d at 669.  Specifically, a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence.  *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).  Therefore, a motion to dismiss an indictment may not be used as a device for summary trial of the evidence.  *Boren*, 278 F.3d at 914; *Jensen*, 93 F.3d at 669.

6

# IV.  DISCUSSION

Defendant argues that none of the counts of the SSI is sufficient and therefore must be dismissed.  Specifically, Defendant argues that the counts for violation of 18 U.S.C. § 1512(b)(1), witness tampering, must be dismissed because the SSI does not allege that Defendant acted in contemplation of a particular official federal proceeding, and that the counts for violation of 18 U.S.C. § 242, unlawful use of force, must be dismissed because the SSI does not allege any facts that would support that Defendant acted under color of law.  The court addresses each of Defendant's arguments in turn.

## A.    Violations of 18 U.S.C. § 1512(b)(1)

18 U.S.C. § 1512(b)(1), the witness tampering statute, provides as follows:

> Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . influence, delay, or prevent the testimony of any person in an official proceeding . . . shall be fined under this title or imprisoned not more than 20 years, or both.

An "official proceeding" includes, among other things, "a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of

the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury." 18 U.S.C. § 1515(a)(1)(A).[2]

The SSI not only tracks the language and elements articulated in § 1512(b)(1) but also gives Defendant notice of the basis of the charges against him. Specifically, in support of both Counts 4 and 6, the SSI alleges that Defendant "did knowingly and corruptly persuade J.W. to give false information with respect to the physical assault perpetuated by [Defendant] upon W.G., with the intent to influence, delay or prevent the testimony of J.W. in an official proceeding." SSI ¶¶ 19, 27. Given that the allegations track the statutory language and provide detail regarding the charges, these allegations appear sufficient to state violations of § 1512(b)(1).

Despite that the SSI tracks the statutory language of § 1512(b)(1) and describes the basis of each count, Defendant argues that *Arthur Anderson, LLP v.*

---

[2] Despite this definition of "official proceeding," § 1512(g)(1) explains that the government need not prove Defendant's state of mind as to whether the proceeding is a *federal* proceeding:

> In a prosecution for an offense under this section, no state of mind need be proved with respect to the circumstance--
> (1) that the official proceeding before a judge, court, magistrate judge, grand jury, or government agency is before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a Federal grand jury, or a Federal Government agency[.]

Further, the "official proceeding need not be pending or about to be instituted at the time of the offense . . . ." 18 U.S.C. § 1512(f)(1).

*United States*, 544 U.S. 696 (2005), requires an indictment to allege that the

accused acted in contemplation of a *particular federal official proceeding*, Def.'s

Mot. 5, and that the SSI does not allege facts that would support that the Defendant

acted in contemplation of such proceeding.  Def.'s Supplemental Br. 4.  The court

rejects that the SSI is deficient.

   *Arthur Anderson* does not address the necessary elements to plead in

an indictment but rather addresses the sufficiency of jury instructions.  In finding

that the jury instructions at issue impermissibly allowed conviction without a

finding of consciousness of wrongdoing, the Supreme Court held that § 1512(b)(1)

requires a "nexus" between the obstructive act and a particular official proceeding.

*See Arthur Anderson, LLP*, 544 U.S. at 707-08 (holding that § 1512(b)(2),

§ 1512(b)(1)'s companion statute, requires a nexus).  The Supreme Court explained

that "[a] 'knowingly . . . corrupt persuader' cannot be someone who persuades

others to shred documents under a document retention policy when he does not

have in contemplation any particular official proceeding in which those documents

might be material."  *Id.* at 708.

   Given the context of *Arthur Anderson's* holding, this language merely

explains what it means to "knowingly corruptly persuade[] another person, or

attempt[] to do so, or engage[] in misleading conduct toward another person, with

intent to . . . influence, delay, or prevent the testimony of any person in an official

proceeding." *See* 18 U.S.C. § 1512(b)(1).  Rather than create an additional element

for a § 1512(b)(1) offense, *Arthur Anderson* provides a judicial interpretation of an

element of the offense.[3]  *See Godinez-Rabadan*, 289 F.3d at 634; *United States v.*

*Fleming*, 215 F.3d 930, 935-36 (9th Cir. 2000) (upholding indictment charging

obstruction of justice, despite indictment's failure to recite that defendant's attempt

to influence judge was made in connection with a "pending proceeding"); *United*

*States v. Schwimmer*, 649 F. Supp. 544, 548 (E.D.N.Y. 1986) (finding that while

the government must prove for an obstruction of justice count that there was a

---

[3]  Indeed, the court could find no cases dismissing an indictment on this basis.  *See United States v. Potts*, 2007 WL 2219392 at *3-4 (D. Minn. Jul. 30, 2007) (rejecting argument that the indictment failed to adequately allege facts sufficient to demonstrate a nexus because indictment alleged essential elements); *United States v. Milton*, 966 F. Supp. 1038, 1042-43 (D. Kan. 1997) (denying motion to dismiss indictment that alleged § 1512 violation).  Rather, courts have addressed the nexus requirement in the same context of *Arthur Anderson* to determine the sufficiency of jury instructions.  *United States v. Kaplan*, 490 F.3d 110, 125 (2d Cir. 2007) (discussing jury instructions and finding that the "nexus" requirement mandates that a defendant "must believe that his actions are likely to affect a particular existing or foreseeable official proceeding"); *United States v. Matthews*, 505 F.3d 698, 708 (7th Cir. 2007) ("Accordingly, before a defendant may be convicted of obstruction under § 1512(c)(1), he must believe that his acts will be likely to affect a pending or foreseeable proceeding."); *United States v. LeMoure*, 474 F.3d 37, 42 (1st Cir. 2007) (finding instructions sufficient where "the jury was told as to section 1512(b)(1) that the defendant had to have a specific intent to influence 'testimony of a person in an official proceeding'; the civil depositions and the grand jury inquiry were so identified in the instructions; and the indictment identified the official proceeding of concern in each count under section 1512(b)(1)"); *United States v. Vampire Nation*, 451 F.3d 189, 205 (3d Cir. 2006) (finding no error where "the jury was instructed that Banks could be found guilty of witness tampering only if he acted with the specific intent to induce Do to withhold evidence from an official proceeding, and that Banks did not have to intend to affect a grand jury proceeding-other types of proceedings would suffice").

pending judicial proceeding of which the defendant was aware, "there is no requirement that this component of the required mental state be spelled out in the indictment").  Accordingly, the SSI's failure to allege contemplation of a particular proceeding does not render the SSI deficient.

The court further rejects Defendant's contention that the SSI does not allege facts that would support the elements of the offense.  As described above, the SSI specifically tracks the language of § 1512(b)(1), and the additional allegations in the SSI neither conflict with nor negate that Defendant acted in contemplation of an "official proceeding."  The real issue Defendant raises -- whether the government will ultimately be able to carry its burden in proving all of the elements of the offense as alleged -- is not a proper issue for a motion to dismiss.[4] *Jensen*, 93 F.3d at 669 (stating that a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence).  The court therefore DENIES Defendant's Motion to Dismiss Counts 4 and 6.

///

///

---

[4] The court recognizes that the parties dispute whether the government must prove that Defendant acted in contemplation of a *particular federal* proceeding, but resolving this dispute is not necessary to a resolution of Defendant's Motion to Dismiss.

11

## B.     Violations of 18 U.S.C. § 242

Defendant seeks dismissal of Counts 1-3 alleging violations of 18

U.S.C. § 242, which provides that:

> Whoever, under color of any law, statute, ordinance, regulation,
> or custom, willfully subjects any person . . . to the deprivation of
> any rights, privileges, or immunities secured or protected by the
> Constitution or laws of the United States . . . shall be fined
> under this title or imprisoned not more than one year, or both
>
> . . . .

Regarding the "under color of law" element, so long as "an indictment

'allege[s] conduct on the part of the "private" defendants which constitutes "state

action," [it alleges] action "under color" of law within [18 U.S.C.] § 242.'" *Lugar*

*v. Edmondson Oil Co.*, 457 U.S. 922, 929 n.9 (1982) (quoting *United States v.*

*Price*, 383 U.S. 787, 794 n.7 (1966)).  A private individual may act under color of

law where the actor "has been delegated a public function by the State."

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)

(citing *West v. Atkins*, 487 U.S. 42, 56 (1988)).  "Misuse of power, possessed by

virtue of state law and made possible only because the wrongdoer is clothed with

the authority of state law, is action taken 'under color of' state law.'" *Williams v.*

*United States*, 341 U.S. 97, 99 (1951) (citation and quotation signals omitted).  For

example, *Williams* found that a security guard who held a local police officer's card

12

was acting under color of law when he obtained confessions from suspects through use of force.  *Id.* at 99-100.

Defendant asserts that Counts 1-3 should be dismissed because the allegations "indicate that [Defendant] did not undertake any of the alleged acts 'under color of law.'"  Def.'s Mot. 9.  The court disagrees.  The SSI explicitly alleges that Defendant acted "under color of the laws of the State of Hawaii."  SSI ¶¶ 11, 14, 16.  The SSI further explains that Defendant supervised individuals who had full police powers and ordered them to arrest G.K. and W.G.  While Defendant argues that he was not acting under color of law because he himself was not a law enforcement officer and did not inform G.K and W.G. that they were acting in their capacity as law enforcement officers, *see* Def.'s Mot. 8, such arguments regarding the evidence are not appropriate for a motion to dismiss.  The court therefore DENIES Defendant's Motion to Dismiss Counts 1-3.

///

///

///

///

///

///

13

# V.  **CONCLUSION**

For the reasons discussed above, the court DENIES Defendant's

Motion to Dismiss the Second Superceding Indictment for Failure to State a

Federal Offense.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 19, 2009.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*United States of America v. Robert Tam Ho*, Cr. No. 08-00337 JMS, Order Denying Defendant's
Motion to Dismiss Second Superceding Indictment for Failure to State a Federal Offense