IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 08-00337 JMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANT'S |
| vs. | ) | MOTION FOR *IN CAMERA* REVIEW |
| | ) | OF GRAND JURY TRANSCRIPTS |
| ROBERT TAM HO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR *IN CAMERA* REVIEW OF GRAND JURY TRANSCRIPTS

## I. INTRODUCTION

The Second Superseding Indictment ("SSI"), filed March 11, 2009, charges Defendant Robert Tam Ho ("Defendant") with three counts of unlawful use of force under color of law in violation of 18 U.S.C. § 242 (Counts 1-3), and four counts of witness tampering in violation of 18 U.S.C. §§ 1512(b)(1) and 1512(b)(3) (Counts 4-7). Currently before the court is Defendant's Motion for *In Camera* Review of Grand Jury Transcripts, in which Defendant requests the court to review the grand jury transcripts *in camera* and disclose to him any portion of the transcripts supporting his belief that the witness tampering counts should be dismissed. Defendant makes this request because he believes -- based on his

interpretations of 18 U.S.C. §§ 1512(b)(1) and 1512(b)(3) -- that the government

misunderstands the required elements of each offense.  Based on the following, the

court finds that Defendant has carried his burden regarding only his argument that

the government may have misled the grand jury regarding the "nexus" requirement

of 18 U.S.C. § 1512(b)(1), and therefore GRANTS in part and DENIES in part

Defendant's Motion for *In Camera* Review of Grand Jury Transcripts.  Further,

upon an *in camera* review of the government's instructions to the grand jury, the

court finds nothing that would support a motion to dismiss based on any

misstatement of law regarding 18 U.S.C. § 1512(b)(1).

## II.  BACKGROUND

As alleged in the SSI, Defendant was the Security Manager for

Wackenhut Security Corporation at the Kahului Airport in Maui, which provides

on-site security for the airport through a contract with the State of Hawaii

Department of Transportation.  SSI ¶ 1.  Defendant was the direct supervisor of the

"Law Enforcement Officers," ("LEOs"), who have full "peace officer" authority

pursuant to Hawaii state law, including the authority to arrest and detain

individuals suspected of criminal activity.  *Id.*

On October 20, 2005, during a meeting with Pacific Wings Airline

employees G.K., W.G., and others, Defendant got into a verbal confrontation with

2

G.K. and left the meeting.  *Id.* ¶¶ 2-4.  Defendant returned with two LEOs, advised

G.K. that he was placing him under "citizen's arrest" for "harassment," and

directed the LEOs to effectuate the arrest.  *Id.* ¶¶ 5-6.  Defendant also ordered the

other individuals to leave the conference room, and then repeatedly struck W.G.

after he refused to leave.  *Id.* ¶¶ 7-9.  When Maui Police Department ("MPD")

officers arrived, Defendant requested them to place both G.K. and W.G. in

custody, where they were held until bail was posted for their release.  *Id.* ¶ 13.

      The SSI further alleges that on that same day, Defendant approached

J.W. to discuss the witness statement she intended to give to MPD and told her that

she should state that she was heading home for the day at the time of the incident

and did not see what happened because her view was blocked by other people.  *Id.*

¶ 18.  J.W. knew this version was untrue, but repeated this version to MPD

anyway.  *Id.*  Count 4 therefore alleges that Defendant "did knowingly and

corruptly persuade J.W. to give false information with respect to the physical

assault perpetuated by [Defendant] upon W.G., with the intent to influence, delay

or prevent the testimony of J.W. in an official proceeding."  *Id.* ¶ 19.  Count V

similarly alleges that Defendant "did knowingly and corruptly persuade J.W. to

give false information with respect to the physical assault perpetuated by

[Defendant] upon W.G., with the intent to hinder, delay and prevent the

communication to a law enforcement officer of the United States of information

relating to the commission and possible commission of a Federal offense, namely

the deprivation of rights under color of law . . . ."  *Id.* ¶ 21.

Finally, the SSI alleges that on the next day, October 21, 2005,

Defendant directed J.W. to prepare a written witness statement summarizing a false

version of events of October 20, 2005.  As in Count 4, Count 6 alleges that

Defendant "did knowingly and corruptly persuade J.W. to give false information

with respect to the physical assault perpetuated by [Defendant] upon W.G., with

the intent to influence, delay or prevent the testimony of J.W. in an official

proceeding."  *Id.* ¶ 27.  Similar to Count 5, Count 7 alleges that Defendant "did

knowingly and corruptly persuade J.W. to give false information with respect to

the physical assault perpetuated by [Defendant] upon W.G., with the intent to

hinder, delay and prevent the communication to a law enforcement officer of the

United States of information relating to the commission or possible commission of

a Federal offense, namely the deprivation of rights under color of law . . . ."  *Id.*

¶ 29.

### III.  <u>STANDARD OF REVIEW</u>

Grand jury proceedings are presumptively secret.  Fed. R. Crim. P.

6(e).  Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), however, provides that the

court may authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  "A trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a 'particularized need exists . . . which outweighs the policy of secrecy.'" *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (citation omitted); *see Douglas Oil Co. v. Petrol Stops*, 441 U.S. 211, 219-22 (1979) (discussing the purposes behind grand jury secrecy and stating that "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed").

The burden is on the defendant to show that disclosure of grand jury transcripts is appropriate.  *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959).  Where the defendant alleges prosecutorial misconduct as the reason for disclosure, the defendant has the burden of showing that alleged instances of misconduct would compel dismissal of the indictment.  *See United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985) (rejecting that defendant showed a particularized need where "[t]he claimed misconduct would not have

5

compelled the dismissal of the first superseding indictment").  Dismissal of an indictment for misconduct, in turn, requires a defendant to show that the misconduct "substantially influenced the grand jury's decision to indict, or . . . [that] there is grave doubt that the decision to indict was free from the substantial influence of such violations."  *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988) (citation and quotations omitted); *see also United States v. Thompson*, 576 F.2d 784, 786 (9th Cir. 1978) ("Dismissal of an indictment is required only in flagrant cases in which the grand jury has been overreached or deceived in some significant way, as where perjured testimony has knowingly been presented."). "Mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particularized need required to outweigh the policy of grand jury secrecy."  *United States v. Ferrebouef*, 632 F.2d 832, 835 (9th Cir. 1980) (citation and quotations omitted).

## IV.  **DISCUSSION**

Defendant requests that the court review the grand jury transcripts *in camera* and disclose to him any portion that supports a claim that the witness tampering counts pursuant to 18 U.S.C. §§ 1512(b)(1) and 1512(b)(3) should be dismissed because the government misinstructed the grand jury about the applicable law and failed to adduce evidence sufficient to establish probable cause

6

for the elements of these offenses.  Defendant argues that he has reason to believe

there were errors before the grand jury due to the government's on-the-record

comments about the elements of these offenses.  As explained below, the court

finds that Defendant has carried his burden in showing a particularized need that

the government may have misinstructed the grand jury regarding only the nexus

requirement for § 1512(b)(1), and rejects Defendant's other arguments.  The

court's *in camera* review, however, reveals nothing in the government's

instructions to the grand jury that would support a motion to dismiss and therefore

the court does not order disclosure of the grand jury instructions to Defendant.

## A.      18 U.S.C. 1512(b)(1)

18 U.S.C. § 1512(b)(1) provides:

> Whoever knowingly uses intimidation, threatens, or corruptly
> persuades another person, or attempts to do so, or engages in
> misleading conduct toward another person, with intent to . . .
> influence, delay, or prevent the testimony of any person in an
> official proceeding . . . shall be fined under this title or
> imprisoned not more than 20 years, or both.

An "official proceeding" includes, among other things, "a proceeding before a

judge or court of the United States, a United States magistrate judge, a bankruptcy

judge, a judge of the United States Tax Court, a special trial judge of the Tax

Court, a judge of the United States Court of Federal Claims, or a Federal grand

jury."  18 U.S.C. § 1515(a)(1)(A).  Defendant argues that the government

7

misunderstands the statutory elements such that the government may have misled

the grand jury.  The court addresses Defendant's arguments in turn.

### 1.      *The Nexus Requirement*

Defendant argues that the government misunderstands that to prove a

violation of § 1512(b)(1), Defendant must have foreseen that the natural and

probable effect of his conduct would be to interfere with a person's testimony in a

future official proceeding.  Because the conduct the government has identified

involves only alleged interference with an MPD and employer's investigations,

Defendant suggests that the government believes it can prove an offense without

showing any foreseeability of a federal official proceeding.  *See* Def.'s Mot. 17.

Defendant's argument stems from *Arthur Andersen LLP v. United*

*States*, 544 U.S. 696 (2005), which interpreted § 1512(b)(2), § 1512(b)(1)'s

companion statute, and found that § 1512(b)(2) requires a "nexus" between the

obstructive act and a particular official proceeding.  The government had argued

against a "nexus" requirement because § 1512(f)(1) explicitly provides that "an

official proceeding 'need not be pending or about to be instituted at the time of the

offense.'"  *Arthur Andersen*, 544 U.S. at 707 (quoting 18 U.S.C. § 1512(e)(1), now

codified at § 1512(f)(1)).  *Arthur Andersen* rejected this argument, explaining:

> It is . . . one thing to say that a proceeding 'need not be
> pending or about to be instituted at the time of the

8

offense,' and quite another to say a proceeding need not even be foreseen.  A 'knowingly . . . corrupt persuader' cannot be someone who persuades others to shred documents under a document retention policy when he does not have in contemplation any particular official proceeding in which those documents might be material.

*Id.* at 707-08.

In its on-the-record statements, the government has suggested that for a violation of § 1512(b)(1), it need only prove that Defendant was obstructing an MPD investigation that ultimately resulted in a federal grand jury investigation. Specifically, during a February 20, 2009 hearing, the government explained its understanding of the nexus requirement:

> THE COURT:  So what is the nexus that is required here, in your view?  What's the jury instructions going to say?
> THE GOVERNMENT:  The jury instruction is going to say the defendant corruptly persuaded JW to withhold information knowing that there was going to be an investigation as some point.  Who did he persuade - -
> THE COURT:  A grand jury investigation.
> THE GOVERNMENT:  It has to ultimately be a grand jury investigation, but he doesn't have to know that at the time.
> . . .
> THE COURT:  But is it your view it's enough that he believed he was obstructing an MPD investigation that ultimately resulted in a federal grand jury investigation?
> THE GOVERNMENT:  Absolutely.  I think that's absolutely what the case law and the statute says.

*See* Doc. No. 61 at 22, 27.

9

If these statements intended to convey that a defendant need not contemplate a particular official proceeding,[1] then it runs counter to *Arthur Andersen's* holding that the government must prove that a nexus exists between the obstructive act and a particular *official proceeding*.  While the court recognizes that during this same hearing the government backed away from these statements and acknowledged that it must prove a nexus between the act and the official proceeding,[2] the court cannot rule out that the government did not properly instruct the grand jury regarding the nexus requirement.  If the government did in fact instruct the grand jury that Defendant need not foresee that his actions may affect a future official proceeding, such misstatement would mislead the grand jury into believing that there need be no nexus between the conduct at issue and the official proceeding.  *See Bank of Nova Scotia*, 487 U.S. at 256; *see also United States v. Larrazolo*, 869 F.2d 1354, 1359 (9th Cir. 1989) ("[T]he prosecutor has no duty to outline all the elements of conspiracy so long as the instructions given are not

---

[1]  The government need not prove a defendant's state of mind as to whether the proceeding is a *federal* proceeding.  *See* 18 U.S.C. § 1512(g)(1) (stating that "no state of mind need be proved with respect to the circumstance [] that the official proceeding before a judge, court, magistrate judge, grand jury, or government agency is before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a Federal grand jury, or a Federal Government agency").

[2]  In response to the court's question of "wouldn't the contemplation have to be in one of the matters set forth in the definition of official proceeding although the defendant need not know it's federal?", the government responded "[c]orrect."  *See* Doc. No. 61 at 27.

10

flagrantly misleading or so long as all the elements are at least implied.").  The

court finds that this possible misleading of the grand jury is sufficient for

Defendant to meet his burden in showing a particularized need for an *in camera*

review of the grand jury transcripts as they relate to the government's instructions

on the nexus requirement of § 1512(b)(1).

The court therefore GRANTS Defendant's Motion with respect to this

limited issue.  Consistent with the principles of secrecy of the grand jury and

tailoring disclosure to only those relevant portions of the transcript, the court has

reviewed *in camera* the government's instructions to the grand jury.[3]  Because the

court's review reveals no misstatements regarding the nexus requirement that

would support a motion to dismiss, the court concludes that Defendant is not

entitled to disclosure of the grand jury transcripts.

## 2. *Conduct Prior to the Beginning of Any "Investigation"*

Defendant also argues that the government may have misinstructed

the grand jury because it "has insisted that interfering with a county law

enforcement investigation and, even more removed, with an employer's internal

investigation of its own employees, constitutes a violation of subsection (b)(1) just

as much as it constitutes a violation of subsection (b)(3)."  Def.'s Mot. 16.

---

[3]  The grand jury transcripts provided to the court are under seal at Docket No. 95.

Defendant reasons that this conduct -- to the extent it can support a violation of any witness tampering statute -- is directed to a violation of § 1512(b)(3), which criminalizes tampering with witness statements to a law enforcement officer, and therefore cannot also support a violation of § 1512(b)(1).  In other words, Defendant seeks the court to draw a line between conduct that violates § 1512(b)(1) versus § 1512(b)(3) by finding that tampering with a witness in a law enforcement investigation that precedes an official proceeding is not a violation of § 1512(b)(1).  As the court explains in its Order Denying Defendant's Motion to Dismiss Counts 4 and 6, the court rejects Defendant's line-drawing.

As an initial matter, the plain language of § 1512(b)(1) does not appear to be limited to any particular scenario or timing.  That § 1512(b)(1) includes no timing limitation is confirmed by § 1512(f)(1), which eschews any timing requirement for the "official proceeding" by providing that an "official proceeding need not be pending or about to be instituted at the time of the offense . . . ."  Indeed, Congress adopted this language so that §1512(b)(1) would encompass a defendant's actions even before an investigation has begun. Specifically, the 1982 Senate Report explains that § 1512(f)(1) expands the scope of § 1512(b)(1) to encompass acts that occur even before a crime is reported, much less investigated:

> The first [(f)(1)][4] obviates the requirement that there be
> an official proceeding in progress or pending.  The
> Committee felt that this increases the scope of the section
> by expanding the galaxy of witnesses and victims the
> protections of its language is meant to embrace.
> Intimidation offenses are particularly insidious and do
> violence to traditional notions of justice because no one
> can be convicted of a crime which is not reported.
> *Subsection [(f)(1)], among other things, specifically
> reaches intimidation offenses before a crime is reported
> to the appropriate authorities*.

Judiciary Comm., 97th Cong., Victim and Witness Protection Act of 1982, S. Rep.

No. 97-532, at 19 (1982), *reprinted in* 1982 U.S.C.C.A.N. 3 (emphasis added).

Nor does § 1512(b)(3) appear to limit the scope of § 1512(b)(1).

Section 1512(b)(3) states a violation for knowingly corruptly persuading another

person with intent to hinder, delay, or prevent the communication to a federal law

enforcement officer of information relating to the commission or possible

commission of a federal offense.  It is axiomatic that a single act or course of

conduct -- in this case, convincing J.W. to give a false statement to MPD and in a

witness statement -- may violate more than one criminal statute, and nothing in the

statutory framework suggests that the same conduct cannot be the basis for

---

[4]  The Senate Report refers to subsection (d)(1), which, due to amendments, now
correlates to § 1512(f)(1).  *See* Criminal Law and Procedure Technical Amendments Act of
1986, Pub. L. No. 99-646, 100 Stat. 3592 (redesignating subsections (a) through (f) as
subsections (b) through (g) respectively); Corporate Fraud Accountability Act of 2002, Pub. L.
No. 107-205, 116 Stat. 745 (redesignating subsections (c) through (i) as subsections (d) through
(j)).

violations of different sections of the statute.[5]  So long as the government can

prove the elements of these separate violations, it does not matter that the

violations stem from the same conduct.

The court further rejects Defendant's argument that an interpretation

of "official proceeding" allowing the government to assert a violation under these

circumstances makes § 1512(b)(3) superfluous because every statement to any kind

of law enforcement officer would also count as a statement in a future official

proceeding.  Defendant's concern is illusory -- Defendant ignores that the

government must still prove the nexus between the obstructive act and the official

proceeding.  *See Arthur Andersen*, 544 U.S. at 707-08.  A defendant may violate

---

[5]  Contrary to Defendant's argument, other courts have not construed § 1512(b)(1) as temporally limited to only after a law enforcement investigation has begun.  *See* Def.'s Mot. 1 11-12.  Rather, the cases cited by Defendant support the unextraordinary proposition that to violate § 1512(b)(1), the defendant must have foreseen an official proceeding and not a mere investigation.  *See United States v. Ramos*, 537 F.3d 439, 462 (5th Cir. 2008) ("We are further convinced, based on the statutory definition and the contextual meaning of the term 'official proceeding,' that § 1512 does not apply to routine agency investigations of employee misconduct."); *United States v. Gabriel*, 125 F.3d 89, 105 n.13 (2d Cir. 1997) ("We note that although not argued by Gabriel, the jury also reasonably could have concluded that Gabriel's sole intent was to interfere with the FBI investigation, and if the jury had so concluded, it would have been compelled to find Gabriel innocent [of violating 18 U.S.C. § 1512(b)(1).]" (overruled on other grounds by *Arthur Andersen, LLP v. United States*, 544 U.S. 696 (2005)); *United States v. Dunn*, 434 F. Supp. 2d 1203, 1208 (M.D. Ala. 2006) (rejecting government's argument that an investigation that leads to proceedings in federal court constitutes an "official proceeding"); *see also United States v. Shively*, 927 F.2d 804, 811-12 (5th Cir. 1991) (dismissing conviction on § 1512(b)(1) because the government presented no evidence that the Defendant's intent was anything more than to influence a state civil proceeding where the grand jury indictment occurred two and a half years later).

§ 1512(b)(3) by believing that he is preventing a witness from communicating with a law enforcement officer, but at the same time not violate § 1512(b)(1) by not foreseeing an official proceeding.  Accordingly, every statement to a law enforcement officer is not a statement in a future official proceeding, and every violation of § 1512(b)(3) is not a violation of § 1512(b)(1).  Rather, each provision has its own clear boundaries based on Defendant's intentions in "knowingly corruptly persuading" the witness.[6]

In sum, the court rejects Defendant's argument that the government may have misled the grand jury simply because the allegations that Defendant violated § 1512(b)(1) are based on interfering with a county law enforcement investigation and an employer's internal investigation.  Accordingly, the court DENIES Defendant's request for disclosure of the grand jury proceedings that may address this issue.

**B.     18 U.S.C. § 1512(b)(3)**

Similar to § 1512(b)(1), §1512(b)(3) provides:

Whoever knowingly uses intimidation, threatens, or
corruptly persuades another person, or attempts to do so,
or engages in misleading conduct toward another person,
with intent to . . .  hinder, delay, or prevent the

---

[6]  It is for these same reasons that the court rejects Defendant's arguments that the court's construction will allow arbitrary enforcement and does not give an individual fair warning of what constitutes a violation.

> communication to a law enforcement officer or judge of
> the United States of information relating to the
> commission or possible commission of a Federal offense
> . . . shall be fined under this title or imprisoned not more
> than 20 years, or both.

Section 1515(a)(4) defines a "law enforcement officer" as "an officer or employee

of the Federal Government, or a person authorized to act for or on behalf of the

Federal Government . . . ."  Section 1512(g)(2) provides that "no state of mind

need be proved with respect to the circumstance . . . that the judge is a judge of the

United States or that the law enforcement officer is an officer or employee of the

Federal Government or a person authorized to act for or on behalf of the Federal

Government or serving the Federal Government as an adviser or consultant."

Defendant argues that the government misunderstands that it must

prove that J.W. made these false statements *directly* to a federal law enforcement

officer.  Defendant interprets this limitation based on a statutory reading of

§ 1512(b)(3) with § 1512(g), as well as applying *Arthur Andersen's* holding and its

predecessor *United States v. Aguilar*, 515 U.S. 593 (1995), that certain witness

tampering violations require a "nexus."[7]  *See* Def.'s Mot. 11-13, 19-20.  The court rejects Defendant's statutory construction.

According to the plain language of § 1512(b)(3), the government must prove that Defendant (1) knowingly used intimidation, threatened, or corruptly persuaded another person, (2) with the intent to hinder, delay, or prevent the communication of information to a federal official, (3) relating to the commission or the possible commission of a federal crime.  18 U.S.C. § 1512(b)(3); *see also United States v. Carson*, 560 F.3d 566, 580 (6th Cir. 2009) (citing *United States v. Ronda*, 455 F.3d 1273, 1284 (11th Cir. 2006)); *United States v. Guadalupe*, 402 F.3d 409, 412 (3d Cir. 2005).  The statutory language does not limit the meaning of "the communication" and no other provision evinces any requirement that Defendant tamper with a communication that was made directly to a federal law enforcement official.

Further, courts interpreting § 1512(b)(3) have found that it is not limited as Defendant suggests.  Rather, § 1512(b)(3) "'criminalizes the *transfer* of

---

[7] *United States v. Aguilar*, 515 U.S. 593 (1995), preceded *Arthur Andersen* and adopted a "nexus" requirement for claims brought pursuant to 18 U.S.C. § 1503, which at the time made it unlawful to "corruptly or by threats or force, or by any threatening letter or communication, influence[], obstruct[], or impede [], or endeavor[] to influence, obstruct, or impede, the due administration of justice . . . ."  18 U.S.C. § 1503 (1994).  *Arthur Andersen* noted that *Aguilar* presented a "similar situation" to the facts of its case, and as described above, adopted a nexus requirement for 18 U.S.C. § 1512(b)(2).

misleading information which actually relates to a *potential* federal offense.'"
*Ronda*, 455 F.3d at 1288 (quoting *United States v. Veal*, 153 F.3d 1233, 1252 (11th
Cir. 1998)).  Accordingly, the government need only show that "the misleading
information" was "*likely* to be transferred to a federal agent."  *Veal*, 153 F.3d at
1251; *United States v. Seratta*, 425 F.3d 886, 897 (10th Cir. 2005) ("Proving a
violation of 1512(b)(3) does not depend on the existence of imminency of a federal
investigation, but rather on the possible existence of a federal crime and the
defendant's intention to thwart an inquiry into that crime by officials who happen
to be federal." (quotation signals omitted)); *United States v. Baldyga*, 233 F.3d
674, 680 (1st Cir. 2000) (noting that defendant's conduct violated § 1512(b)(3)
where he hindered government cooperator's "communication with authorities" and
where "the possibility existed that such communication would eventually occur
with federal officials"); *United States v. Ring*, --- F. Supp. 2d ---, 2009 WL
1808410, at *18 (D. D.C. June 25, 2009) (discussing caselaw and legislative
history to conclude that "[i]t is therefore irrelevant to whom a defendant made false
statements, so long as the statements were made with the intent to thwart an inquiry
into a possible federal crime by officials who happen to be federal").

        Finally, the court rejects that *Arthur Andersen* or *Aguilar* require that
the government prove a "nexus" as shown through a direct communication

between J.W. and a federal law enforcement officer.  While the Ninth Circuit has not addressed this issue, other courts have expressly rejected that the nexus requirement developed in *Aguilar* and *Arthur Andersen* applies to § 1512(b)(3) offenses.  For example, the Eleventh Circuit has explained that unlike § 1512(b)(1), "'federal jurisdiction under § 1512(b)(3) is based on the federal interest of protecting the integrity of *potential* federal investigations by ensuring that transfers of information to federal law enforcement officers and judges relating to the *possible* commission of federal offenses be truthful and unimpeded.'" *Ronda*, 455 F.3d at 1286-87 (quoting *Veal*, 153 F.3d at 1250).  Accordingly, "[§] 1512(b)(3) 'does not depend on the existence or imminency of a federal case or investigation but rather on the *possible* existence of a federal crime and a defendant's intention to thwart an inquiry into that crime.'"  *Id.* at 1287 (quoting *Veal*, 153 F.3d at 1250).

Courts have relied on these statutory and jurisdictional differences between § 1512(b)(1) and § 1512(b)(3) to find that *Arthur Andersen's* reasoning does not apply to § 1512(b)(3) offenses:

> *Arthur Andersen* interpreted and applied only
> § 1512(b)(2), which explicitly requires that the acts of
> obstruction relate to "an official proceeding."  Unlike
> § 1512(b)(2), § 1512(b)(3) makes no mention of "an
> official proceeding" and does not require that a
> defendant's misleading conduct relate in any way either

to an "official proceeding" or even to a particular
ongoing investigation.  *See* 18 U.S.C. § 1512(b)(3); *see
also United States v. Byrne*, 435 F.3d 16, 24 (1st Cir.
2006).  There is simply no reason to believe that the
Supreme Court's holding in *Arthur Andersen* requires
that we graft onto § 1512(b)(3) "an official proceeding"
requirement based on statutory language in § 1512(b)(2)
that does not appear in § 1512(b)(3).

*Id.* at 1288; *see also Carson*, 560 F.3d at 580-81 (adopting reasoning in *Ronda*);

*United States v. Kaplan*, 490 F.3d 110, 126 (2d Cir. 2007) ("With respect to

§ 1512(b)(3), it is unclear whether *Arthur Andersen's* nexus requirement is

applicable because § 1512(b)(3) does not explicitly refer to an 'official

proceeding.'"); *United States v. Byrne*, 435 F.3d 16, 24 (1st Cir. 2006) ("The

defendant does not explain how subsection (b)(3) might sensibly be read to require

a defendant to 'contemplate' -- to use the term in *Arthur Andersen* -- a 'particular'

'law enforcement officer or judge of the United States' in the same way that one

might 'contemplate' 'any particular official proceeding.'"); *Serrata*, 425 F.3d at

897 ("We agree with these cases that imminence of a federal investigation is of

little or no consequence."); *Guadalupe*, 402 F.3d at 411 ("[P]roving a violation of

18 U.S.C. § 1512(b)(3) does not depend on the existence or imminency of a federal

investigation but rather on the possible existence of a federal crime and a

defendant's intention to thwart an inquiry into that crime by officials who happen

to be federal."); *Veal*, 153 F.3d at 1250 (rejecting application of nexus requirement

20

from *Aguilar* because § 1512(b)(3) "implicate[s] different federal interests, which specifically do not identify as the federal interest a federal judicial proceeding, pending or contemplated"); *Ring*, 2009 WL 1808410, at *17 (collecting and discussing cases rejecting nexus requirement).

The court finds the reasoning of these cases persuasive and agrees that § 1512(b)(3) does not require the nexus described in *Arthur Andersen* to prove a violation.  Accordingly, Defendant has not carried his burden to show that he is entitled to the grand jury transcripts on the basis that the government improperly based these offenses on the fact that J.W. made these false statements to MPD and in a witness statement.

## V.  **CONCLUSION**

For the reasons discussed above, the court GRANTS in part and DENIES in part Defendant's Motion for *In Camera* Review of Grand Jury Transcripts.  The court has reviewed *in camera* the government's instructions to the grand jury and finds no statements that would support a motion to dismiss based on the argument that the government may have misled the grand jury

///

///

regarding the "nexus" requirement of 18 U.S.C. § 1512(b)(1).  Defendant is

therefore not entitled to disclosure of the grand jury transcripts.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 20, 2009.



```
 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge
```

*United States v. Ho*, Cr. No. 08-00337 JMS, Order Granting in Part and Denying in Part
Defendant's Motion for *In Camera* Review of Grand Jury Transcripts